# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-728-JJF |
| v. | ) ) ) | **JURY DEMANDED** |
| DRIL-QUIP, INC. | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT DRIL-QUIP, INC.'S REPLY
## IN SUPPORT OF ITS MOTION TO TRANSFER

OF COUNSEL:

Stephen H. Cagle
Henry A. Petri, Jr.
Eric S. Schlichter
Joan E. Beckner
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

Dated: April 30, 2007
792384 / 31110

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant*
*Dril-Quip, Inc.*

**TABLE OF CONTENTS**

I.    The "Unusual Circumstances" and Practical Considerations of This Case
      Substantially Outweigh Plaintiff's Forum Selection and
      Tip the Balance Strongly in Favor of Transfer .......................................................1

      A.    The Southern District of Texas Is "Familiar[] with the
            Technology at Issue Through Past and Pending Litigation" ......................2

            1.    Cameron Does Not (and Cannot) Distinguish Factually
                  Analogous Cases in Which This Court Granted Transfer ..............3

                  a.    It Is of No Legal Significance That the
                        Prior Case Is Closed ...........................................................7

                  b.    It Is of No Legal Significance That the
                        Prior Case Involves Parent Patents
                        Relevant to Dril-Quip's Defenses and Counterclaims ........8

                  c.    It Is of No Legal Significance That the
                        Prior Case Is Brought Against a Different Party ...............9

            2.    Present Litigation (Recently Reactivated Vacatur Action)
                  Relating to Same Patent Family Further Weights the
                  Balance in Strong Favor of Transfer ...............................................9

            3.    Specific Transfer to Judge Atlas Would Maximize
                  Judicial Efficiency .......................................................................10

      B.    Transfer Would Not "Prejudice [Plaintiff's] Interest in a
            Prompt Resolution of the Matter" ............................................................11

            1.    Cameron Should Be Estopped from Claiming Prejudice
                  By the Transfer; Its Forum-Shopping Counterargument
                  Relies on Half-Truths Regarding Prior Successes
                  In the Transferee Forum ................................................................11

            2.    Cameron's Court Statistics Are Irrelevant in the Face of
                  Faster Median Time to Trial and Related Actions
                  Concerning the Same Patents and Issues in the Southern
                  District of Texas .........................................................................13

# TABLE OF CONTENTS
## (continued)

C.  Cameron's Opposition Fails to Address the Lack of Connection to Delaware Relative to the Multi-Faceted Local Interest Weighing Toward Transfer ....................................................................14

II.  Cameron's Unrelated Actions Filed in This Court But Not Pursued Beyond Complaint Are Irrelevant to the *Jumara* Analysis ...................................17

III.  Cameron Misstates the Standard Regarding the Convenience of Foreign Witnesses Who Are Not Under Either Court's Subpoena Power .........................19

IV.  Conclusion ...........................................................................................................20

### TABLE OF AUTHORITIES

*3Com Corp. v. D-Link Sys., Inc.,*
   C.A. No. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003) ...........................6

*Affymetrix, Inc. v. Synteni, Inc.,*
   28 F. Supp. 2d 192 (D. Del. 1998) .........................................................................13

*Alloc, Inc. v. Unilin Decor N.V.,*
   C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 WL 3050815
   (D. Del. Oct. 26, 2006) (slip op.) ......................................................................5, 16

*Apple Computer, Inc. v. Unova, Inc.,*
   C.A. No. 03-101-JJF,
   2003 WL 22928034 (D. Del. Nov. 25, 2003) ......................................................7, 17

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
   295 F. Supp. 2d 393 (D. Del. 2002) ...........................................................2, 6, 16, 20

*Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc.,*
   C.A. No. 05-357-SLR,
   2005 WL 2786691 (D. Del. Oct. 26, 2005) .........................................................5, 16

*Brunswick Corp. v. Precor Inc.,*
   2000 WL 1876477 (D. Del. Dec. 12, 2000) ...................................................1-2, 6, 8

*Cashedge, Inc. v. Yodlee, Inc.,*
   C.A. No. 06-170-JJF, 2006 WL 2038504
   (D. Del. Jul. 19, 2006) (slip op.) ......................................................................5, 8, 9

*Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.,*
   291 F.3d 1317 (Fed. Cir. 2002) ..............................................................................12

*C.R. Bard Inc. v. Guidant Corp.,*
   997 F. Supp. 556 (D. Del. 1998) ...............................................................................7

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,*
   821 F. Supp. 962 (D. Del. 1993) ...............................................................................7

*IKOS Sys., Inc. v. Cadence Design Sys., Inc.,*
   C.A. No. 02-1335-GMS,
   2002 WL 31414136 (D. Del. Oct. 21, 2002) ..............................................6, 14, 15, 16

*Intel Corp. v. Broadcom Corp.,*
   167 F. Supp. 2d 692 (D. Del. 2001) ...........................................................................7

## TABLE OF AUTHORITIES
### (continued)

*Jahncke Serv., Inc. v. OKC Corp.*,
  301 F. Supp. 866 (D. Del. 1969) ................................................................16

*Jones Pharma, Inc. v. KV Pharm. Co.*,
  C.A. No. 03-786-JJF, 2004 WL 323109 (D. Del. Feb. 17, 2004) ...................7

*Lee v. Ohio Cas. Ins. Co.*,
  445 F. Supp. 189 (D. Del. 1978) ................................................................16

*LG Elecs. Inc. v. First Int'l Computer, Inc.*,
  138 F. Supp. 2d 574 (D.N.J. 2001) ............................................................14

*Motorola Inc. v. PC-Tel, Inc.*,
  58 F. Supp. 2d 349 (D. Del. 1999) ..............................................................7

*Nilssen v. Osram Sylvania, Inc.*,
  C.A. No. 00-695-JJF,
  2001 WL 34368395 (D. Del. May 1, 2001) ...................................1, 6, 9, 19

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
  803 F. Supp. 971 (D. Del. 1992) ..................................................................8

*Pacesetter, Inc. v. Cardiac Pacemakers, Inc.*,
  C.A. No. 96-232-SLR (D. Del. Sept. 25, 1996) (slip op.) .........................1, 2

*Ricoh Co. v. Aeroflex Inc.*,
  279 F. Supp. 2d 554 (D. Del. 2003) .......................................................5, 15

*Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*,
  230 F. Supp. 2d 655 (E.D. Pa. 2002) ..........................................................15

*Smithkline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52 (D. Del. 1975) ....................................................................8

*Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.*,
  C.A. No. 04-852-SLR, 2005 WL 735880 (D. Del. Mar. 30, 2005) ...........5, 9

*Textron Innovations Inc. v. Toro Co.*,
  C.A. No. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) ...............7

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
  C.A. No. 04-360-JJF, 2005 WL 441077 (D. Del. Feb. 15, 2005) ............7, 15

**TABLE OF AUTHORITIES**
**(continued)**

*U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*,
   357 F. Supp. 2d 924 (E.D. Va. 2005) ..................................................................12, 17

Much of Cameron's Opposition consists of conclusory attorney argument unsupported by any authority.[1] Such rhetoric should be disregarded in favor of the reasoned, analytical approach prescribed by the *Jumara* balancing test. For the reasons set forth in Dril-Quip's Opening Brief and in this Reply, and on consideration of the relevant factors, practicality and logic ***strongly favor*** (and thus warrant) transfer of this action to the Southern District of Texas.

## I.    The "Unusual Circumstances" and Practical Considerations of This Case Substantially Outweigh Plaintiff's Forum Selection and Tip the Balance Strongly in Favor of Transfer

Cameron fails to address in its Opposition this Court's consistent finding that certain "unusual circumstances" or "practical considerations regarding the ease, speed, or expense of trial" substantially outweigh plaintiff's forum preference, ***even when both parties are incorporated in Delaware***. *See, e.g., Nilssen v. Osram Sylvania, Inc.*, C.A. No. 00-695-JJF, 2001 WL 34368395, at *3-*4 (D. Del. May 1, 2001) (Ex. J); *Pacesetter, Inc. v. Cardiac Pacemakers, Inc.*, C.A. No. 96-232-SLR, at 4-5 (D. Del. Sept. 25, 1996) (slip op.) (Ex. M). These unusual practical considerations, which are implicated in the present case, include (A) whether the transferee district is "familiar[] with the technology at issue through past and pending litigation" such as a " patent litigation . . . involving 'a parent patent of the one at issue'"; (B) whether acceptance of the case by the transferee district would "prejudice [the plaintiff's] interest in a prompt resolution of the matter"; and, (C) whether there is little connection (other than incorporation) between Delaware and the parties or the litigation. *Nilssen*, 2001 WL 34368395, at *4 (quoting *Brunswick*

---

[1] Or is opinion mischaracterized as "fact." See, for example, Opposition at page 5, in which Cameron characterizes its Spool Tree as "novel and unique." This "fact" is a matter in dispute. *See* Dril-Quip Am. Answer [D.I. 13] ¶¶ 1-28, 38-247 (counterclaims for declaratory judgment of patent invalidity and unenforceability).

*Corp. v. Precor Inc.*, 2000 WL 1876477, at \*3 & n.2 (D. Del. Dec. 12, 2000) (Ex. L));

*Pacesetter*, at 4-5; *see also APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp.

2d 393, 398-99 (D. Del. 2002). *See generally* Part I.A.1 *infra* (tabular Summary of

Relevant Facts in Analogous Cases Granting Transfer).

### A.    The Southern District of Texas Is "Familiar[] with the Technology at Issue Through Past and Pending Litigation"

In its Opposition Cameron does not dispute or deny any of the following points

presented in Dril-Quip's Opening Brief:

- The prior litigation before Judge Atlas in the Southern District of Texas, No. 4:97-cv-00155, took place over a period of years (1997-2003);

- The prior litigation before Judge Atlas in the Southern District of Texas involved related patents that are the ***direct linear parents***[2] – and share an identical written disclosure with – the three patents Cameron asserts against Dril-Quip in the present case;

- Several patents previously litigated before Judge Atlas in the Southern District of Texas are the ***very same*** as those presently at issue pursuant to Dril-Quip's defenses and counterclaims of patent invalidity and unenforceability;

- Judge Atlas in the Southern District of Texas oversaw the prior litigation through, *inter alia*, discovery, claim construction, and Cameron's summary judgment briefing on patent invalidity and unenforceability, and considered and ruled upon these issues;

---

[2] See Figure 1 in Defendant Dril-Quip Inc.'s Motion to Transfer.

- There is a current "relevant proceeding" (Opp'n at 4),[3] No. 4:05-cv-00992, presently pending before Judge Atlas in the Southern District of Texas.

### 1.    Cameron Does Not (and Cannot) Distinguish Factually Analogous Cases in Which This Court Granted Transfer

This Court has noted that under certain circumstances, "it is appropriate to give the plaintiff's choice of forum less deference." *Sig Simonazzi*, 295 F. Supp. 2d at 399. Indeed, this Court has transferred numerous actions under circumstances similar to or the same as those presented by this Motion. Many such cases were cited in Dril-Quip's Opening Brief – **none** of which Cameron attempted to address or distinguish in its response.

The table below compares the facts relevant to transfer of this case to the facts in the previously cited analogous cases granting transfer. The comparison makes clear that

---

[3] Although Cameron represented in its briefing to this Court that the reactivated action is "merely a summary proceeding" for confirmation of a recent arbitration order (Opp'n at 15), this characterization is misleading at best. The action was filed by Kvaerner in the Southern District of Texas on March 23, 2005, for *vacatur* of an arbitration award dated January 25, 2005 that addressed all of the issues submitted by both parties for arbitration. *See* PACER report (Ex. V hereto) No. 1. Cameron did not seek to confirm the award but instead sought to dismiss the motion to vacate. *Id.* No. 4. Meanwhile, despite the apparent finality of the award, the arbitrator proceeded to expand the scope of the arbitration and ultimately issued subsequent final arbitration orders. On May 27, 2005, the Court issued an order to administratively close the original vacatur action pending the arbitrator's concurrence that he was done. *Id.* No. 13. On April 10, 2007, the day after the arbitrator issued a third final arbitration order, Kvaerner sent a letter request to the Court requesting reactivation of the vacatur action and a hearing to set the schedule for supplemental briefing in support of vacatur of the second and third final arbitration orders. Later on April 10, 2007, Cameron filed a formal motion to reopen. *Id.* No. 15. The very next day, the Court issued an order reinstating the case and for a scheduling conference to set a briefing schedule for Kvaerner's supplemental briefing in support of vacatur and in opposition to Cameron's new motion to confirm, and the related opposition and replies. *Id.* No. 17; *see also* Order (Ex. W hereto). At the conference, the Court deemed Cameron's motion to confirm as having been filed on April 18, 2007, and set the briefing schedule accordingly. Ex. V No. 25; *see also* Hearing Minutes and Order (Ex. X hereto). This is not the action a court would take if the case were truly a mere "summary proceeding" for confirmation, as Cameron claims.

the present facts are essentially the same as those considered strongly in favor of transfer and thus sufficient to overcome Plaintiff's forum preference of Delaware.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## SUMMARY OF RELEVANT FACTS
## IN ANALOGOUS CASES GRANTING TRANSFER

| CASE (D. Del.) | DELAWARE | | TRANSFEREE FORUM | | |
|---|---|---|---|---|---|
| | Incorporation | - NO - Facility, Business, Alleged Wrong | Principal Place of Business | Locus of Alleged Wrong | Prior Related Patent Litigation |
| **–This Motion–** *Cameron Int'l Corp. v. Dril-Quip, Inc.* | √ (all parties) | √ (all parties) | √ (all parties) | √ (development, manufacture) | √ (same P; patents parent to those asserted by P and relevant to D's defenses and counterclaims; discovery, rulings re present issues e.g. *Markman* and summary judgment) |
| **Ex. H:** *Alloc, Inc. v. Unilin Decor N.V.* (2006) | √ (co-P and co-D) | √ (all parties) | √ (co-P) | √ (sales and distribution) | √ (6 yrs; same Ps and co-D; same patents; near close of discovery and claim construction) |
| **Ex. K:** *Cashedge, Inc. v. Yodlee, Inc.* (2006) | √ (all parties) | √ (all parties) | √ (D; P has non-principal office there) | not mentioned | √ (same parties; re similar technologies and patents relevant to D's defenses and counterclaim; discovery, *Markman* hearing) |
| **Ex. F:** *Arrow Commc'n Labs., Inc. v. John Mezzalingua Assocs., Inc.* (2005) | √ (D) | √ (all parties) | √ (all parties) | √ (development, manufacture, sales) | √ (same parties; same subject matter) |
| **Ex. N:** *Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.,* (2005) | √ (co-P and D) | not mentioned | √ (co-P) | not mentioned | √ (3 yrs; same parties; same and similar patents; discovery, rulings re present issues) |
| *Ricoh Co. v. Aeroflex Inc.* (2003) | not mentioned | √ (all parties) | No party (P's subsidiaries; third party, i.e., P in related action; relevant industry) | √ | √ (Delaware P is D in the related action; same patent; early stage of litigation) |

5

**SUMMARY OF RELEVANT FACTS
IN ANALOGOUS CASES GRANTING TRANSFER**
(continued)

| CASE (D. Del.) | DELAWARE | | TRANSFEREE FORUM | | |
| --- | --- | --- | --- | --- | --- |
| | Incorporation | - NO - Facility, Business, Alleged Wrong | Principal Place of Business | Locus of Alleged Wrong | Prior Related Patent Litigation |
| **Ex. I:** *3Com Corp. v. D-Link Sys., Inc.* (2003) | √ (P) | √ (no facility, property, personnel, development of accused products) some accused products sold; "the connection to this forum ends there" | √ (all parties) | √ (development) | not mentioned |
| **Ex. G:** *IKOS Sys., Inc. v. Cadence Design Sys., Inc.* (2002) | √ (all parties) | √ (all parties) | √ (all parties) (relevant industry) | not mentioned | not mentioned |
| *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.* (2002) | √ (all parties) | √ (all parties) | √ (D) | √ (manufacture) | √ (same parties; re five of nine patents at issue; in discovery) |
| **Ex. J:** *Nilssen v. Osram Sylvania, Inc.* (2001) | √ (Ds) | √ (no corporate facility) salesperson home office and some accused products sold; connection to forum is "minimal" | √ (co-P) | √ (manufacture) | √ (same P, different Ds; re at least 6 of patents at issue; *Markman* rulings issued and case dispositive motions filed) |
| **Ex. L:** *Brunswick Corp. v. Precor Inc.* (2000) | √ (all parties) | √ (all parties) | √ (D) | √ (design and manufacture) | √ (same parties; past litigation re parent patent, on appeal; current litigation re patent arguably "directly related" to the one at issue) |

In contrast to the analogous cases granting transfer above, the cases relied upon in Cameron's Opposition are distinguishable from the present circumstances and practical considerations. ***Significantly, unlike the present case and most of those listed above, none of Cameron's cited cases involve <u>prior related patent litigation</u> in the proposed transferee district.***[4] The few Cameron-cited cases that mention other litigation in the proposed transferee district are distinguishable in that the other litigation is either "later filed" (not prior) or "unrelated to the claims of the instant action" (not related). *Apple Computer*, 2003 WL 22928034, at *5 (not related); *Intel*, 167 F. Supp. 2d at 706 (not prior); *C.R. Bard*, 997 F. Supp. at 562 (not related). Accordingly, unlike the present action, transferring those cases would not have improved judicial economy.

### a. It Is of No Legal Significance That the Prior Case Is Closed

Cameron's Opposition suggests that because the prior case between Cameron and Kvaerner (No. 4:97-cv-00155) was closed in 2003, the Southern District of Texas somehow lost the familiarity and working knowledge it accumulated over the years regarding the particular subsea tree technology and patents at issue. *See* Opp'n at 13-15; *see also* Opening Br. Ex. A (PACER report). However, whether the status of a related action in the proposed transferee district is closed or pending is of no legal significance to

---

[4] *See Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) (Opp'n ex. E); *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, C.A. No. 04-360-JJF, 2005 WL 441077 (D. Del. Feb. 15, 2005) (Opp'n ex. A); *Jones Pharma, Inc. v. KV Pharm. Co.*, C.A. No. 03-786-JJF, 2004 WL 323109 (D. Del. Feb. 17, 2004) (Opp'n ex. D); *Apple Computer, Inc. v. Unova, Inc.*, C.A. No. 03-101-JJF, 2003 WL 22928034 (D. Del. Nov. 25, 2003) (Opp'n ex. F); *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001); *Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349 (D. Del. 1999); *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556 (D. Del. 1998); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962 (D. Del. 1993).

the advisability of transfer, particularly in a complex patent case. Rather, the legally relevant inquiry is the court's familiarity with the technology, patents, and/or field of prior art gained as a result. *Cashedge*, 2006 WL 2038504, at *2 (Ex. K). This premise is borne out by the cases cited and discussed in Dril-Quip's Opening Brief involving past litigation in the transferee district.[5] Yet Cameron's Opposition fails to address any of the cited authorities and provides no support for its conclusory implications to the contrary.

Moreover, on April 11, 2007 (after Dril-Quip filed its Opening Brief), the Southern District of Texas reactivated a vacatur action regarding an arbitration concerning the patents at issue and, one week later, set a supplemental briefing schedule. Ex. V No. 17; Exs. W & X; *see also* note 3 *supra*. Accordingly, in addition to the "closed" action referenced by Cameron, there is also a pending action relating to the same Hopper patent family and some of the same substantive issues (application of prior claim construction order) that are at issue in the present case.

> **b.     It Is of No Legal Significance That the Prior Case Involves Parent Patents Relevant to Dril-Quip's Defenses and Counterclaims**

Cameron in its Opposition suggests that the only sort of prior action that matters in a consideration of transfer is an action involving patents asserted by the plaintiff – and not an action involving patents put at issue in defendant's defenses or counterclaims. *See* Opp'n at 3, 13-14. Cameron cites no authority in support of its premise. Indeed, the

---

[5] *See, e.g.*, *Brunswick*, 2000 WL 1876477, at *3 (Ex. L) (granting transfer to district in which "there has already been litigation on . . . a parent patent of the one at issue here"); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 973-74 (D. Del. 1992) (granting transfer to district that had recent involvement in a concluded lawsuit pertaining to the same technology and patents); *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 56 (D. Del. 1975) (granting transfer to district already familiar with the issues of fact and law through litigation of a prior related case).

authorities cited in Dril-Quip's Opening Brief at pages 20-23 illustrate otherwise – that this Court has routinely transferred actions to districts in which a prior action was filed by the same plaintiff and involved related patents relevant to the defendant's defenses and counterclaims in the Delaware action. *E.g.*, *Cashedge*, 2006 WL 2038504, at *1-*3 (Ex. K); *cf. Sumito Mitsubishi*, 2005 WL 735880, at *3 (Ex. N) (patents in related action issued from same parent application and shared similar written description and same figures and thus were "very similar" to those in Delaware action; granting transfer based on transferee court's "grasp of the facts and issues in connection with the [first] patent, together with the similarity between [that patent] and [the current one]").

<b>c.    It Is of No Legal Significance That the<br>Prior Case Is Brought Against a Different Party</b>

Similarly, Cameron emphasizes in its Opposition that the prior litigation in the Southern District of Texas is irrelevant to this transfer motion because it was brought by Cameron against a different defendant than the one named in the present case. Cameron cites no authority in support of its premise. Cameron also does not attempt to distinguish *Nilssen*, in which this Court granted transfer in part because of prior related patent actions in the transferee forum, even when those actions were filed by the plaintiff against different defendants than the defendant named in the action subject to transfer. 2001 WL 34368395, at *4 & n.8 (Ex. J).

<b>2.    Present Litigation (Recently Reactivated Vacatur Action)<br>Relating to Same Patent Family Further Weights the<br>Balance in Strong Favor of Transfer</b>

The reinstated action currently pending against Cameron before the Southern District of Texas relates to the very same subsea tree technology and the very same patents that are issue in the present case. Contrary to Cameron's representation otherwise

(Opp'n at 7), *all* of the Hopper family patents, *i.e.*, the parent '707, '119, and '008 patents asserted by Dril-Quip in its defenses and counterclaims, *as well as* the more recently issued '660, '039, and '945 patents asserted by Cameron, are at issue in that suit, as they are all subject to the patent license agreement being arbitrated. Contrary to Cameron's representation otherwise, what the Southern District of Texas court soon will consider is not only Cameron's motion to confirm a recent arbitration award, *but also* movant Kvaerner's original (filed March 23, 2005) and supplemental (notice filed April 23, 2007) motions to vacate arbitration awards.  Contrary to Cameron's representation otherwise, briefing is not for a "summary proceeding" but instead for the Court's consideration of substantive issues relating to whether the arbitrator exceeded the scope of his authority by essentially ignoring the unambiguous language of the Southern District of Texas court's claim construction order of May 9, 2003.  Briefing will be complete by June 8, 2007, after which the Southern District of Texas court will be called upon once again to review its prior rulings and the particular technology and patents in suit. *See* Ex. X. Thus, the Southern District of Texas court's familiarity with the technology and patents at issue in the present case soon will be based both on its extensive history of past litigation and on its pending consideration of issues related to its rulings in that past litigation. *See* Exs. A,V. Accordingly, the interest of judicial economy will be better served by transfer of this action to the Southern District of Texas.

### 3.     Specific Transfer to Judge Atlas Would Maximize Judicial Efficiency

Cameron's Opposition indicates a concern that a grant of the requested transfer will not guarantee judicial efficiency if the action will not be heard by the particular judge in the Southern District of Texas – Judge Atlas of the Houston Division – who is

familiar with the technology and issues.  Opp'n at 14-15.  Dril-Quip shares this concern for judicial efficiency and therefore, to the extent not already clear from its briefing, respectfully requests transfer of this action specifically to Judge Atlas in the U.S. District Court for the Southern District of Texas, Houston Division.

### B.  Transfer Would Not "Prejudice [Plaintiff's] Interest in a Prompt Resolution of the Matter"

In its Opposition Cameron does not dispute or deny any of the following points presented in Dril-Quip's Opening Brief (Section III.A-C):

- Both of the parties' principal places of business are located in the Southern District of Texas;

- Dril-Quip's only locations in the United States are in Houston, Texas (World Headquarters and U.S. manufacturing facility) and New Orleans, Louisiana (small sales office);

- Neither party has a principal place of business in Delaware;

- None of the witnesses or documents are located in or near Delaware;

- Any alleged infringement of Plaintiff's asserted patents would have occurred in the Southern District of Texas;

- Any alleged infringement would not have occurred in Delaware;

- There were "adverse rulings" in the prior related patent litigation.

### 1.  Cameron Should Be Estopped from Claiming Prejudice By the Transfer; Its Forum-Shopping Counterargument Relies on Half-Truths Regarding Prior Successes In the Transferee Forum

In an apparent effort to deflect the "invit[ed] . . . inference" of forum shopping to avoid a repeat of unfavorable results, Cameron states that any adverse rulings in the prior

litigation were reversed on appeal to the Federal Circuit and that "as a result [Cameron] obtained a favorable settlement." Opp'n at 4, 9-10; *see also* Opening Br. 12-13 (quoting *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 936-37 (E.D. Va. 2005)). However, Cameron's actual results on appeal were mixed.

Specifically, in May of 2001, after the Southern District of Texas had entered a final judgment and dismissed the case with prejudice (Ex. A Nos. 247-248), Cameron filed a notice of appeal (*id.* No. 254), and Kvaerner filed a notice of cross-appeal (*id.* No. 255). On May 14, 2002, the U.S. Court of Appeals for the Federal Circuit affirmed in part and reversed in part the district court judgment (*see id.* Nos. 256-257). In particular, the Federal Circuit affirmed the district court's grant of Kvaerner's motion for summary judgment of noninfringement of the '707 patent (in favor of Kvaerner); reversed as error the district court's grant of Kvaerner's motion for summary judgment that the asserted claims of the '119 patent are invalid for inadequate description (in favor of Cameron); and reversed as error the district court's grant of Cameron's motion that the SISL reports do not qualify as prior art with respect to both the '707 and '119 patents (in favor of Kvaerner). *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1324 (Fed. Cir. 2002). Thus, Cameron's results on appeal were somewhat less glorious than the clear victory implied in its Opposition.

Cameron's Opposition also neglects to mention that later, on remand ***after*** the Federal Circuit appeal, the Southern District of Texas court issued a series of rulings adverse to Cameron. These later adverse rulings include rulings on claim construction and denying Cameron's motions for summary judgment on the issues of inequitable conduct and patent invalidity. *See* Ex. A Nos. 254-257 (appeal), 310-311 (later rulings).

Cameron fails to address these post-appeal adverse rulings in its Opposition, instead opting for pure attorney argument, unsupported by any citation or evidence, against the reasonable inference of forum shopping.

Finally, the fact is that no party was a clear "winner" in the prior related patent litigation; the parties stipulated to a settlement before trial, and the case was closed. *Id.* Nos. 322-323.  As Cameron now suggests otherwise in its Opposition, it should be precluded from making any future inconsistent argument that it somehow would be prejudiced by a return to its originally selected forum for resolving disputes involving the Hopper patents and questions regarding their infringement, invalidity, and unenforceability.

### 2.    Cameron's Court Statistics Are Irrelevant in the Face of Faster Median Time to Trial and Related Actions Concerning the Same Patents and Issues in the Southern District of Texas

Despite the recent published judicial statistics indicating the *faster relative speed* of litigation for civil cases in the Southern District of Texas – *i.e.*, median time from filing to disposition, median time from filing to trial, and percentage of cases over three years old (*see* Opening Br. at 24) – Cameron nevertheless cites its own set of statistics to assert otherwise, none of which tie to the relative time to case resolution. *See* Opp'n at 15-16.  Yet courts in this Circuit typically find statistics regarding median speed of resolution more meaningful than raw numbers of cases pending in a district or weighted estimations of case load per judgeship at a given point in time. *See, e.g., Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 206 (D. Del. 1998) (considering substantially larger relative number of cases pending in transferee district and "virtually the same" median times to trial; concluding this factor weighed "only slightly" against transfer; granting

transfer); *see also LG Elecs. Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 593 & n.15 (D.N.J. 2001) (explaining that relative median times from filing to disposition and trial are the "relevant statistics" for docket congestion; finding "no significant difference" and thus granting transfer because "none of the parties or witnesses have any ties to [this district], the [other district] appears to be the center of gravity of [plaintiff's] patent infringement claims . . . more convenient. . . [and] already has a number of related cases pending before it and has already construed one of the patents at issue in this litigation").

Further, Cameron's conclusion that "Delaware is better positioned to expeditiously try this case" (Opp'n at 16) simply ignores the existence of the past and pending related patent litigation in the proposed transferee forum – a factor so strongly in favor of transfer from the standpoint of judicial economy and practicality that it tips the balance every time (see tabular Summary of Relevant Facts in Analogous Cases Granting Transfer, Part I.A.1 above).

### C. Cameron's Opposition Fails to Address the Lack of Connection to Delaware Relative to the Multi-Faceted Local Interest Weighing Toward Transfer

Cameron's Opposition does not address proffered evidence that Houston is the locus of the parties' dispute and that the Southern District of Texas has a particular local interest in resolving it. Instead, Cameron's Opposition simply points to the parties' status as Delaware corporations, its own forum preference, and the general premise, first raised by Dril-Quip, that typically patent cases are considered national in nature and untied to a particular locale. Opening Br. at 24-26 (citing *IKOS*, 2002 WL 31414136, at *1 (Ex. G)) & Exs. Q-S; *see also* Opp'n at 16-17.

The local interest factor encompasses more than simply whether the case is a patent action. *Trilegiant*, 2005 WL 441077, at *3 ("[P]atent rights do not *alone* give rise to a local controversy or implicate local interests." (emphasis added)); *see, e.g.*, *IKOS*, 2002 WL 31414136, at *1 (Ex. G) (location of relevant industry); *Ricoh*, 279 F. Supp. 2d at 558 (same); *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) ("center of gravity" or "hub of activity" regarding "product[] development, testing, research and production, . . . marketing and sales decisions," *i.e.*, locus of operative facts regarding alleged patent infringement). The multiple facets of this factor, which are discussed in Section IV.C.3 of Dril-Quip's Opening Brief, are unaddressed in Cameron's Opposition. Among the unaddressed local interest facets is undisputed evidence that the locus of this particular dispute is Houston, Texas. Opening Br. at 24-26 & Exs. Q-S (written communications from Plaintiff to Defendant regarding the Hopper patents presently at issue); *see also* Opp'n at 16-17.

Also undisputed in Cameron's Opposition is the fact that the locus of any alleged U.S. infringement by Dril-Quip would be in or near Houston, Texas, as the location of Dril-Quip's world headquarters, principal U.S. sales office, and only U.S. manufacturing facility. Further, Cameron does not anywhere dispute the information published on its web site indicating its own concentration of principal business facilities and personnel in Houston.

In reply to Cameron's repeated emphasis that both Plaintiff and Defendant are international companies (*see* Opp'n at 11), Dril-Quip notes that in *IKOS*, 2002 WL 31414136, at *1, this Court granted transfer where "the parties are large national and

international organizations with apparently substantial assets," both parties were incorporated in Delaware, yet both parties were headquartered in the transferee forum.

At the same time, Cameron does not deny that there is little or no connection between this dispute or the parties and Delaware, other than the parties' incorporation – which, under analogous facts and circumstances, is not enough to prevent transfer otherwise warranted. *Sig Simonazzi*, 295 F. Supp. 2d at 398-99 ("Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'"). Consequently, Cameron cannot legitimately dispute that under these facts, as in so many other analogous cases, it is "appropriate to give the plaintiff's choice of forum less deference" and find the balance strongly in favor of transfer.[6]

Finally, Cameron apparently misreads *Apple Computer*, which it cites for the premise that this Court denied a motion to transfer in part because the "parties as a whole are not located close to the transferee forum." Opp'n at 11. Cameron emphasizes that Dril-Quip has "many other substantial places of business around the globe" (without specifying where they are or the fact that Houston and New Orleans are the only U.S. locations), apparently to imply that Dril-Quip "as a whole" is not located close to the transferee forum. *See id.* However, a closer reading of *Apple Computer* indicates that this phrase refers to whether multiple parties are "as a whole," in a group, together located near the transferee district. *See Apple Computer*, 2003 WL 22928034, at *1, *5

---

[6] *See, e.g., Alloc, Inc. v. Unilin Decor N.V.*, C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 WL 3050815, at *3 (D. Del. Oct. 26, 2006) (Ex. H); *Arrow*, 2005 WL 2786691, at *2-*3 (Ex. F); *Sig Simonazzi* 295 F. Supp. 2d at 398-99; *IKOS*, 2002 WL 31414136, at *1 (Ex. G); *Lee v. Ohio Cas. Ins. Co.*, 445 F. Supp. 189, 192 (D. Del. 1978); *Jahncke Serv., Inc. v. OKC Corp.*, 301 F. Supp. 866, 867-68 (D. Del. 1969). *See generally* Part I.A.1 *supra* (tabular Summary of Relevant Facts in Analogous Cases Granting Transfer).

(indicating that possibly only one of five parties is located in the proposed transferee forum of the Central District of California, as plaintiff's principal place of business is northern California, and the four defendants have their principal places of business in California (in process of moving to Washington), Washington, Ohio, and Michigan, respectively).  The present case is distinguishable from *Apple Computer*, as here, the "parties as a whole" (both Plaintiff and Defendant) have their principal places of business in the Southern District of Texas, thereby weighing toward transfer.  *See* Opening Br. at 7-8 & Exs. B-D.

## II.     Cameron's Unrelated Actions Filed in This Court But Not Pursued Beyond Complaint Are Irrelevant to the *Jumara* Analysis

To recap, Cameron's prior related patent action in the Southern District of Texas (*see* Ex. A), in which the court made a series of rulings adverse to Cameron, followed by Cameron's related patent action filed in this Court, "invit[es] an inference of forum shopping." *See U.S. Ship*, 357 F. Supp. 2d at 936-37.  Additionally, Cameron is currently a Defendant in a separate action before the Southern District of Texas (*see* Ex. V), recently reactivated, relating to an arbitration regarding interpretation and application of that court's claim construction ruling concerning all of the Hopper patents at issue in the present suit.  As actions relating to the same patents and issues presently in dispute, these past and pending actions in the Southern District of Texas weigh strongly toward transfer based on judicial economy concerns.

In contrast, the two Delaware actions cited by Cameron in its Opposition are irrelevant to the question of transfer and to the interest of judicial economy considered under the *Jumara* balancing test.

The first cited action, No. 05-cv-00188-SLR (Opp'n at 3, 6), an apparent fishing expedition, was brought against Dril-Quip concerning *patents unrelated* to the Hopper patent family at issue in the Southern District of Texas and in the present case. PACER report (Ex. Y hereto) at D.I. 1, 3. The action *did not proceed* beyond Cameron filing its complaint and filing three successive motions for extensions of time to effect service. *See id.* D.I. 4-6. Following communications between the parties regarding Dril-Quip's noninfringement, Cameron filed a notice of voluntary dismissal, and the case was closed. *See id.* D.I. 7. Significantly, the first cited action upon which Cameron now seeks to rely to emphasize its preferred forum choice did not advance to service of the complaint, much less to the responsive pleading stage. Also significantly, unlike the present action, the first cited action did not implicate patents previously litigated to an advanced stage over a period of years in another forum.

The second cited action, No. 04-cv-0054-SLR (Opp'n at 3, 6), was brought by Cameron against another competitor, FMC Technologies, Inc., concerning the same two parent patents previously litigated against Kvaerner in the Southern District of Texas. PACER report (Ex. Z hereto) at D.I. 1,3. The action *did not proceed* beyond Cameron filing its complaint and, within months, a notice of voluntary dismissal. *See id.* D.I. 5. The complaint was never served upon FMC, and the action was ordered dismissed with prejudice. *Id.* Although Cameron cites this action as showing that the subject technology previously was "at issue" in Delaware (Opp'n at 6), the case did not proceed long enough for this Court to consider anything substantively "at issue" that would pertain to the present case. Relative to the Southern District of Texas court's extended time and

exposure in the prior litigation, this Court had no time or exposure in which to gain familiarity with the technology and patents at issue or the substantial volume of prior art.

### III.    Cameron Misstates the Standard Regarding the Convenience of Foreign Witnesses Who Are Not Under Either Court's Subpoena Power

As presented in Dril-Quip's Opening Brief at pages 16-18 and in the signed declaration of Exhibit B and its attachment, it is anticipated that none of the party and non-party witnesses will be residents of Delaware, many will be residents of Houston, and the remainder will be located overseas; accordingly, on balance the convenience of witnesses factor strongly favors transfer to the Southern District of Texas.

Consistent with relevant case authorities, Dril-Quip's Opening Brief focuses on those non-party witnesses who are unlikely to be subject to the subpoena power of the Delaware court but who are likely to be subject to the subpoena power of the Southern District of Texas, either by their residence in Houston or, if foreign, by other minimum contacts with Houston such as routine energy-related business conducted there. In its Opposition, Cameron seems to recast the dispute as one of the anticipated travel preferences and willingness to travel of certain foreign non-party witnesses. *See* Opp'n at 12. However, the witness convenience factor turns not on a particular non-party witness's willingness to travel to a particular forum in the United States, but rather on whether that witness can be compelled by the forum's subpoena power to appear. *See Nilssen*, 2001 WL 34368395, at *2-*3 (Ex. J) ("A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power.").

Moreover, this Court has considered – and rejected – argument strikingly similar to Cameron's regarding witnesses from Europe who would be required to travel further if the Delaware action was transferred to Texas:

> APV contends that many of its witnesses will be coming from international locations and that the Philadelphia international airport provides a closer airport for such witnesses than the Dallas-Fort Worth Airport. Again, for APV, its witnesses and its relevant documents, travel is inevitable, and the Court cannot conclude that the proximity of the Philadelphia Airport to Europe versus the proximity of the Dallas-Fort Worth Airport to Europe is sufficient to tip the balance in favor of maintaining this action in Delaware.

*Sig Simonazzi*, 295 F. Supp. 2d at 399.

## IV.     Conclusion

The balance of convenience and the interest of justice under the particular facts – no connection of the parties or litigation to Delaware (other than incorporation), and past and present related patent litigations in the Southern District of Texas – overcome Plaintiff's forum preference and warrant transfer of this case.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stephen H. Cagle
Henry A. Petri, Jr.
Eric S. Schlichter
Joan E. Beckner
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

Dated: April 30, 2007
792384 / 31110

By:   */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
dmoore@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant*
*Dril-Quip, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 30, 2007, the attached document

was hand-delivered and was electronically filed with the Clerk of the Court using

CM/ECF which will send notification of such filing(s) to the following persons and the

document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Johnsone@pepperlaw.com
Kovacht@pepperlaw.com

I hereby certify that on April 30, 2007, I have Electronically Mailed the

documents to the following non-registered participants:

William D. Belanger
Pepper Hamilton LLP
101 Federal Street, Suite 1010
Boston, MA 02111-1817
belangerw@pepperlaw.com

By: /s/ David E. Moore
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

783999 / 31110

# EXHIBIT V

**U.S. District Court**
**SOUTHERN DISTRICT OF TEXAS (Houston)**
**CIVIL DOCKET FOR CASE #: 4:05-cv-00992**

Kvaerner Oilfield Products Inc v. Cooper Cameron
Corporation
Assigned to: Judge Nancy F. Atlas
Case in other court: USDC-SDTX, 97-00155
Cause: 09:0010 Petition to Vacate Arbitration Award

Date Filed: 03/23/2005
Jury Demand: None
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Kvaerner Oilfield Products Inc**        represented by  **Jesse R Pierce**
King Spalding LLP
1100 Louisiana
Ste 4000
Houston, TX 77002-5213
713-751-3235
Fax: 713-751-3290
Email: jpierce@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen H Cagle**
Howrey LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
713-787-1400
Fax: 713-787-1440
Email: cagles@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cooper Cameron Corporation**        represented by  **Aaron J Levangie**
Pepper Hamilton, LLP
101 Federal Street
Ste. 1010
Boston, MA 02110
617-956-4350
Fax: 617-956-4351
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**David Watkin Jones**
Beck Redden et al
1221 McKinney
Ste 4500
Houston, TX 77010
713-951-3700
Fax: 713-951-3720 fax
Email: djones@brsfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William D Belanger**
Pepper Hamilton, LLP
101 Federal Street
Ste 1010
Boston, MA 021110
617-956-4350
Fax: 617-956-4351
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2005 | 1 | MOTION to Vacate Arbitration Award by Kvaerner Oilfield Products Inc, filed. Motion Docket Date 4/12/2005. (Attachments: # 1 Exhibits A-B (Exhibit A Sealed)# 2 Continuation of B# 3 Exhibits C-F (Exhibits C-D SEALED)# 4 Exhibits G-J (Exhibits G & J SEALED))(4:05CI0853) (mewilliams, ) Modified on 3/29/2005 (kmurphy, ). (Entered: 03/23/2005) |
| 03/23/2005 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 5/27/2005 at 01:30 PM in Courtroom 9F before Judge Nancy F. Atlas. Parties notified.(mewilliams, ) (Entered: 03/23/2005) |
| 03/23/2005 | 3 | Commissioner of Patents and Trademarks, AO-120, Notified, filed.(mewilliams, ) (Entered: 03/23/2005) |
| 03/23/2005 | | Receipt for filing fees, document number 1, receipt number 554654, fee $250.00, filed. (agould, ) (Entered: 03/25/2005) |
| 04/13/2005 | 4 | MOTION to Dismiss Kvaerner's Motion to Vacate Arbitration Award by Cooper Cameron Corporation, filed. Motion Docket Date 5/3/2005. (dkelly, ) (Entered: 04/14/2005) |

| 05/03/2005 | 5 | SEALED APPENDIX TO KVAERNER RESPONSE, filed. (4:05CI1552) (rroberts, ) Modified on 5/5/2005 (rroberts, ). (Entered: 05/05/2005) |
|---|---|---|
| 05/06/2005 | 6 | RESPONSE to 4 Cooper Cameron Corporation's MOTION to Dismiss Kvaerner's Motion to Vacate Arbitration Award filed by Kvaerner Oilfield Products Inc. (Attachments: # 1 Proposed Order)(dkelly, ) (Entered: 05/06/2005) |
| 05/06/2005 | 7 | NOTICE of Change of Firm Name by Kvaerner Oilfield Products Inc, filed. (rroberts, ) (Entered: 05/06/2005) |
| 05/06/2005 | 8 | CERTIFICATE OF INTERESTED PARTIES by Kvaerner Oilfield Products Inc, filed.(dkelly, ) (Entered: 05/06/2005) |
| 05/06/2005 | 9 | NOTICE of supplemental authority for Kvaerner's response to motion to dismiss Kvaerner's motion to vacate arbitration award by Kvaerner Oilfield Products Inc, filed. (sfedele, ) (Entered: 05/06/2005) |
| 05/06/2005 | 10 | SUPPLEMENT to the [5] Appendix to Kvaerner Oilfield's Response to Cooper Cameron's Motion to Dismiss Kvaerner's Motion to Vacate Arbitration Award, by Kvaerner Oilfield Products Inc, filed.(psmith, ) (Entered: 05/06/2005) |
| 05/13/2005 | 11 | CERTIFICATE OF INTERESTED PARTIES by Cooper Cameron Corporation, filed.(sfedele, ) (Entered: 05/16/2005) |
| 05/13/2005 | 12 | SEALED BRIEF FROM COOPER CAMERON CORP. IN SUPPORT OF ITS MOTION TO DISMISS, filed. (4:05CI1595) (rroberts, ) (Entered: 05/16/2005) |
| 05/27/2005 | 13 | MINUTE ENTRY ORDER: Pretrial conference held. Appearances: Jesse Pierce/John Kebble for Plaintiff, No appearance for Defendant. ERO: S. Vaught., Case terminated.Because there are no issues that require the Court?s attention in this matter at this time, and it is unknown how long the delay will be until the arbitrator will complete his work on issues pending before him, the Court ADMINISTRATIVELY CLOSES THIS CASE. The parties shall notify the Court in writing of completion of the arbitration, at which time the Court will reactivate this case and schedule another pretrial conference. The Court instructs Cooper Cameron?s attorney to purchase a copy of the transcript or a tape of the pretrial conference in order to inform himself of the proceedings. ( Signed by Judge Nancy F. Atlas ) Parties notified.(sashabranner, ) (Entered: 05/31/2005) |
| 06/02/2005 | 14 | TRANSCRIPT of Initial Conference held on May 27, 2005 before Judge Nancy F. Atlas. Court Reporter:ERO, filed.(pawilliams, ) (Entered: 06/02/2005) |

| 04/10/2007 | 15 | MOTION to Reopen the captioned proceeding by Cooper Cameron Corporation, filed. Motion Docket Date 4/30/2007. (Attachments: # 1 Exhibit A# 2 proposed Order)(Jones, David) (Entered: 04/10/2007) |
|---|---|---|
| 04/10/2007 | 16 | SEALED MOTION, filed. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) proposed Order) (Jones, David) (Entered: 04/10/2007) |
| 04/11/2007 | 17 | ORDER REOPENING CASE GRANTING 15 MOTION to Reopen the captioned proceeding. Case reopened on 4/11/2007 Scheduling Conference set for 4/18/2007 at 10:00 AM in Courtroom 9F before Judge Nancy F. Atlas.( Signed by Judge Nancy F. Atlas ) Parties notified.(sashabranner, ) (Entered: 04/11/2007) |
| 04/18/2007 | 18 | MOTION for William D. Belanger to Appear Pro Hac Vice by Cooper Cameron Corporation, filed. Motion Docket Date 5/8/2007. (Jones, David) (Entered: 04/18/2007) |
| 04/18/2007 | 19 | MOTION for Aaron J. Levangie to Appear Pro Hac Vice by Cooper Cameron Corporation, filed. Motion Docket Date 5/8/2007. (Jones, David) (Entered: 04/18/2007) |
| 04/18/2007 | 20 | ORDER granting 18 Motion to Appear Pro Hac Vice.( Signed by Judge Nancy F. Atlas ) Parties notified.(sashabranner, ) (Entered: 04/18/2007) |
| 04/18/2007 | 21 | ORDER granting 19 Motion to Appear Pro Hac Vice.( Signed by Judge Nancy F. Atlas ) Parties notified.(sashabranner, ) (Entered: 04/18/2007) |
| 04/18/2007 | 25 | MINUTE ENTRY ORDER: Pretrial conference held. Appearances: Jesse Pierce/John Keville/Stephen Cagle for Plaintiff, David Jones/Bill Belanger/Aaron Levangie for Defendant. Ct Reporter: ERO Brief due by 5/9/2007 Responses due by 5/30/2007 Replies due by 6/8/2007.( Signed by Judge Nancy F. Atlas ) Parties notified.(sashabranner, ) (Entered: 04/24/2007) |
| 04/23/2007 | 22 | NOTICE of Supplemental MOTION to Vacate Arbitration Award by Kvaerner Oilfield Products Inc, filed. Motion Docket Date 5/14/2007. (Cagle, Stephen) Motion created on 4/27/2007 (ltien, ). (Entered: 04/23/2007) |
| 04/23/2007 | 23 | SEALED MOTION, filed. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E - Part 1 of 2# (6) Exhibit E - Part 2 of 2# (7) Exhibit F - Part 1 of 2# (8) Exhibit F - Part 2 of 2# (9) Exhibit G# (10) Exhibit H# (11) Exhibit I# (12) Exhibit J) (Cagle, Stephen) (Entered: 04/23/2007) |
| 04/23/2007 | 24 | NOTICE *of Supplemental Authority filed May 6, 2005* re: 1 MOTION to Vacate, [23] SEALED MOTION by Kvaerner Oilfield Products Inc, filed. (Attachments: # 1 Exhibit M)(Cagle, Stephen) (Entered: |

| | | 04/23/2007) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| | | | |
| 04/30/2007 00:43:57 | | | |
| PACER Login: | aw0012 | Client Code: | 01032.0002 |
| Description: | Docket Report | Search Criteria: | 4:05-cv-00992 |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT W

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KVAERNER OILFIELD PRODUCTS, | § | |
| INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0992 |
| | § | |
| COOPER CAMERON | § | |
| CORPORATION, | § | |
|     Defendant. | § | |

## ORDER

It is hereby **ORDERED** that the Motion to Reactivate Proceeding [Doc. # 15]

filed by Cooper Cameron Corporation (now known as Cameron International

Corporation) and Kvaerner Oilfield Products, Inc.'s letter request to reactivate this case

dated April 10, 2007, are **GRANTED** and this case is **REINSTATED** on the Court's

active docket. It is further

    **ORDERED** that counsel shall appear before the Court for a scheduling

conference at **10:00 a.m. on Wednesday, April 18, 2007.**

    SIGNED at Houston, Texas, this **11th** day of **April, 2007.**

_____
Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2005\0992SetConf.wpd    070411.1053

# EXHIBIT X

## HEARING MINUTES AND ORDER

Cause Number: 05cv0992

Style: Kvaerner Oilfield Products Inc. v. Cooper Cameron Corporation

**Appearances:**

| Counsel: | Representing: |
|---|---|
| Jesse Pierce/John Keville /Stephen Cagle | Plaintiff |
| David Jones/Bill Belanger/Aaron Levangie | Defendant |

Date: April 18, 1007          ERO: yes
Time: 10:05 a.m. - 10:25 a.m.    Interpreter: _____

### At the hearing the Court made the following rulings:

Pretrial conference held.

The Court deems the Motion to Confirm Arbitration Award as filed today. Briefing schedule as follows:
Plaintiff's supplemental briefing on earlier filed motion and additional Motion to Vacate due **May 9, 2007.**
Defendant's response to Plaintiff's original and supplemental briefing due **May 30, 2007.**
Defendant's briefing limit is forty pages, unless the Court approves a longer submission upon request.
Plaintiff's reply due **June 8, 2007.**

Parties to submit courtesy copies of all briefing to chambers.

**SIGNED** at Houston, Texas this 18th day of April, 2005.

Nancy F. Atlas
United States District Judge

# EXHIBIT Y

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00188-SLR

Cooper Cameron Corporation v. Dril-Quip, Inc.
Assigned to: Honorable Sue L. Robinson
Cause: 35:271 Patent Infringement

Date Filed: 03/29/2005
Date Terminated: 03/09/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Cooper Cameron Corporation**     represented by     **Jack B. Blumenfeld**
Morris, Nichols, Arsht & Tunnell
LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: jbbefiling@mnat.com
*LEAD ATTORNEY*

**Rodger Dallery Smith, II**
Morris, Nichols, Arsht & Tunnell
LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: rdsefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Dril-Quip Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2005 | 1 | COMPLAINT filed with Jury Demand against Dril-Quip, Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 250, receipt number |

| | | |
|---|---|---|
| | | 138641.) - filed by Cooper Cameron Corporation. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B# <u>3</u> Acknowledgement of Consent Form)(els, ) Additional attachment(s) civil cover sheet added on 3/30/2005 (els, ). (Entered: 03/30/2005) |
| 03/29/2005 | <u>2</u> | Disclosure Statement pursuant to Rule 7.1 filed by Cooper Cameron Corporation identifying Cooper Cameron Corporation as Corporate Parent. (els, ) (Entered: 03/30/2005) |
| 03/29/2005 | | Summons Issued as to Dril-Quip, Inc. on 3/29/2005. (els, ) (Entered: 03/30/2005) |
| 03/30/2005 | <u>3</u> | Report to the Commissioner of Patents for Patent Number(s) 5,145,006; 4,823,871; (els, ) (Entered: 03/30/2005) |
| 04/06/2005 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 04/06/2005) |
| 06/28/2005 | | CORRECTING ENTRY: clarify additional attachment (els, ) (Entered: 06/28/2005) |
| 07/27/2005 | <u>4</u> | MOTION for Extension of Time to *Effect Service (Unopposed)* - filed by Cooper Cameron Corporation. (Blumenfeld, Jack) (Entered: 07/27/2005) |
| 07/29/2005 | | SO ORDERED, re <u>4</u> MOTION for Extension of Time to *Effect Service (Unopposed)* filed by Cooper Cameron Corporation, extended until 9/27/05. Signed by Judge Sue L. Robinson on 7/29/05. (rld, ) (Entered: 07/29/2005) |
| 09/27/2005 | <u>5</u> | MOTION for Extension of Time to *Effect Service* - filed by Cooper Cameron Corporation. (Attachments: # <u>1</u> Text of Proposed Order)(Blumenfeld, Jack) (Entered: 09/27/2005) |
| 09/30/2005 | | SO ORDERED, re <u>5</u> MOTION for Extension of Time to *Effect Service* filed by Cooper Cameron Corporation, extended until 12/27/2005. Signed by Judge Sue L. Robinson on 9/30/05. (rld, ) (Entered: 09/30/2005) |
| 12/27/2005 | <u>6</u> | MOTION for Extension of Time to *Effect Service* - filed by Cooper Cameron Corporation. (Attachments: # <u>1</u> Text of Proposed Order)(Blumenfeld, Jack) (Entered: 12/27/2005) |
| 12/30/2005 | | Counsel is hereby notified to view Chief Judge Robinson's website for the most recent version of the Scheduling Order for patent cases noting the revisions/additions to paragraphs numbered 7 and 8(c). (Visit www.ded.courts.gov following these links: Chambers of Chief Judge Robinson; Forms; Scheduling Orders; Patent.) (rld, ) (Entered: 12/30/2005) |

| 01/04/2006 | | SO ORDERED, re 6 MOTION for Extension of Time to *Effect Service* filed by Cooper Cameron Corporation, pltf. has until 2-27-2006 to effectuate service of the complaint upon deft . Signed by Judge Sue L. Robinson on 1/2/06. (rld, ) (Entered: 01/04/2006) |
| --- | --- | --- |
| 02/27/2006 | 7 | NOTICE of Voluntary Dismissal by Cooper Cameron Corporation (Smith, Rodger) (Entered: 02/27/2006) |
| 03/09/2006 | | CASE CLOSED (rld, ) (Entered: 03/09/2006) |
| 03/09/2006 | 8 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 5,145,006; 4,823,871; (Attachments: # 1 Notice of Dismissal) (rld, ) (Entered: 03/09/2006) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| | | | |
| 04/24/2007 12:08:14 | | | |
| **PACER Login:** | aw0012 | **Client Code:** | 01032.0002.000000 |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00188-SLR Start date: 1/1/1970 End date: 4/24/2007 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT Z

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00054-SLR

Cooper Cameron Corp. v. FMC Technologies
Assigned to: Honorable Sue L. Robinson
Demand: $0
Cause: 28:1338 Patent Infringement

Date Filed: 01/23/2004
Date Terminated: 04/12/2004
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Cooper Cameron Corporation**                represented by **Jack B. Blumenfeld**
Morris, Nichols, Arsht & Tunnell
LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: jbbefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FMC Technologies, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2004 | 1 | COMPLAINT filed. Magistrate Consent Notice to Pltf. FILING FEE $ 150.00 RECEIPT # 135617 (bkb) (Entered: 01/27/2004) |
| 01/23/2004 | | DEMAND for jury trial by Cooper Cameron Corp. (bkb) Modified on 01/28/2004 (Entered: 01/27/2004) |
| 01/23/2004 | | SUMMONS(ES) issued for FMC Technologies (bkb) Modified on 01/28/2004 (Entered: 01/27/2004) |
| 01/23/2004 | 2 | Disclosure Statement pursuant to Rule 7.1 by Cooper Cameron Corp. (bkb) (Entered: 01/28/2004) |
| 01/27/2004 | 3 | Report to Commissioner of Patents and Trademarks. Exit original. Re |

| | | |
|---|---|---|
| | | Patents #5,544,707 & #6,039,119. (bkb) Modified on 01/28/2004 (Entered: 01/28/2004) |
| 02/04/2004 | 4 | CASE assigned to Judge Sue L. Robinson . Notice to all parties. (rjb) (Entered: 02/04/2004) |
| 04/08/2004 | 5 | NOTICE of voluntary dismissal (fmt) (Entered: 04/08/2004) |
| 04/08/2004 | | So Ordered granting [5-1] notice of dismissal with prejudice ( signed by Judge Sue L. Robinson ) Notice to all parties. (rld) Modified on 04/12/2004 (Entered: 04/12/2004) |
| 04/12/2004 | | Case closed (rld) (Entered: 04/12/2004) |
| 06/18/2004 | | Report to Commissioner of Patents and Trademarks. Exit copy of D.I. 5; re U.S. Patents 5,544,707 and 6,039,119. (rld) (Entered: 06/18/2004) |

**PACER Service Center**

**Transaction Receipt**

| 04/24/2007 12:06:20 | | | |
|---|---|---|---|
| **PACER Login:** | aw0012 | **Client Code:** | 01032.0002.000000 |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00054-SLR Start date: 1/1/1970 End date: 4/24/2007 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |