IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON INTERNATIONAL CORPORATION, ) ) ) | |
| Plaintiff, ) ) | C.A. No. 06-728-JJF |
| v. ) ) ) | **JURY DEMANDED** |
| DRIL-QUIP, INC. ) ) | |
| Defendant. ) | |

### DEFENDANT DRIL-QUIP, INC.'S ANSWER IN RESPONSE TO CROSS-CLAIMANT CAMERON INTERNATIONAL CORPORATION'S CROSSCLAIM

Defendant Dril-Quip, Inc. ("Dril-Quip") files the following Answer in response to cross-claimant Cameron International Corporation's ("Cameron's") Crossclaim.

### Answer to Cameron's Crossclaim for Patent Infringement

Dril-Quip answers the allegations in the separately numbered paragraphs of Cameron's Crossclaim as follows:

1. Dril-Quip admits that United States Patent No. 6,039,119 ("the '119 patent") is entitled "Completion System," that it issued on March 21, 2000, and that a copy of the '119 patent was attached to Cameron's Crossclaim as Exhibit A. Dril-Quip denies that the '119 patent was "duly and legally issued by the United States Patent Office." Dril-Quip is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 of Cameron's Crossclaim and therefore denies same.

2. Dril-Quip denies the allegations of Paragraph 2 of Cameron's Crossclaim.

3. Dril-Quip denies the allegations of Paragraph 3 of Cameron's Crossclaim.

4. Dril-Quip denies the allegations of Paragraph 4 of Cameron's Crossclaim.

### Response to Cameron's Requested Crossclaim Relief

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, Dril-Quip responds to the individual requests for relief as follows:

A. Dril-Quip denies Cameron is entitled to the requested injunctive relief and denies any and all liability for Cameron's Crossclaim.

B. Dril-Quip denies Cameron is entitled to any damages award (including any prejudgment and post-judgment interest) and denies any and all liability for Cameron's Crossclaim.

C. Dril-Quip denies Cameron is entitled to the requested finding of willful infringement and/or to an award of enhanced damages and denies any and all liability for Cameron's Crossclaim.

D. Dril-Quip denies Cameron is entitled to a finding that this is an exceptional case and denies any and all liability for Cameron's Crossclaim.

E. Dril-Quip denies Cameron is entitled to recover its reasonable expenses, including attorneys' fees and costs incurred in prosecuting this action, and denies any and all liability for Cameron's Crossclaim.

F. Dril-Quip denies any and all liability for the alleged conduct, denies that any relief sought by Cameron is warranted, and requests that Cameron's requested relief be denied.

## DEFENSES

### Failure To State A Claim Upon Which Relief Can Be Granted

1. With respect to the allegations against Dril-Quip, Cameron's Crossclaim fails to state a claim upon which relief may be granted.

### Non-Infringement

2. Dril-Quip has not infringed and does not infringe any of the claims of the '119 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### Patent Invalidity

3. The claims of the '119 patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Prosecution History Estoppel

4. Because of proceedings in the United States Patent and Trademark Office during the prosecution of the application that resulted in the '119 patent, as shown by the prosecution history thereof, Cameron is estopped to claim a construction of the '119 patent that would cause any valid claim thereof to cover or include any products that are or have been manufactured, used, sold or offered for sale by Dril-Quip, either literally or under the doctrine of equivalents.

5. Cameron is estopped by reason of prosecution history estoppel from asserting infringement of the '119 patent under the doctrine of equivalents.

3

### Inequitable Conduct

6. Cameron's allegations of infringement of the '119 patent are barred because the '119 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct. The bases for and specifics of Dril-Quip's inequitable conduct defense are set forth in detail in Dril-Quip's declaratory judgment count seeking a declaration that the Hopper family of patents, including the '119 patent, are unenforceable based on Cameron's inequitable conduct in the procurement of those patents. The paragraphs of Dril-Quip's declaratory judgment count seeking a declaration of unenforceability due to inequitable conduct are incorporated herein by reference.

### Patent Misuse

7. Cameron has attempted in bad faith and with an improper purpose to impermissibly broaden the physical or temporal scope of the rights granted under the '119 patent resulting in anticompetitive effect and, thus, the '119 patent is unenforceable.

### Bad Faith

8. Cameron has brought this suit in bad faith making it an exceptional case, thereby entitling Dril-Quip to its costs and attorneys fees pursuant to 35 U.S.C. § 285.

### No Irreparable Harm

9. Cameron is not entitled to injunctive relief because any injury to Cameron is not immediate or irreparable, and Cameron has an adequate remedy at law.

WHEREFORE Dril-Quip prays that this Court dismiss Cameron's Crossclaim and enter judgment that Cameron take nothing on its crossclaim against Dril-Quip and award Dril-Quip its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

OF COUNSEL:

Stephen H. Cagle
Henry A. Petri, Jr.
Eric S. Schlichter
Joan E. Beckner
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

Dated: May 3, 2007

793172 / 31110

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Kenneth L. Dorsney (#3726)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE 19801
   Telephone: (302) 984-6000
   Facsimile: (302) 658-1192
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com
   kdorsney@potteranderson.com

*Attorneys for Defendant
Dril-Quip, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 3, 2007, the attached document was hand-delivered and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following persons and the document is available for viewing and downloading from CM/ECF:

Edmond D. Johnson
Thomas H. Kovach
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Johnsone@pepperlaw.com
Kovacht@pepperlaw.com

I hereby certify that on May 3, 2007, I have Electronically Mailed the documents to the following non-registered participants:

William D. Belanger
Pepper Hamilton LLP
101 Federal Street, Suite 1010
Boston, MA 02111-1817
belangerw@pepperlaw.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

783999 / 31110